UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TERYL FOSTER )<br>    Petitioner )<br> )<br>v. )<br> )<br>STATE OF RHODE ISLAND )<br>    Respondent )<br> ) | CA. No. 15-257-M-LDA |

## ORDER

The State of Rhode Island moves to dismiss Teryl Foster's Petition For Writ Of Habeas Corpus ("Habeas Petition"). (ECF No. 5). In opposition to the Motion to Dismiss, Mr. Foster filed numerous state court documents and correspondence. (ECF No. 6). Because Mr. Foster has failed to exhaust his state court remedies, the State's Motion to Dismiss is GRANTED.

On February 15, 2013, the Woonsocket, R.I. Police Department arrested Mr. Foster and filed a criminal complaint charging him with assault with a dangerous weapon. The R.I. District Court set bail at $20,000. Mr. Foster posted bail and was released from custody the following day.[1]

On August 21, 2013, the Lincoln, R.I. Police Department arrested Mr. Foster and filed a new criminal complaint charging him with assault with a dangerous weapon and disorderly conduct. The R.I. District Court set bail at $5,000 with surety on the new charges. Mr. Foster

---

[1] On August 6, 2013, the State filed an Information formally charging Mr. Foster with one count of assault with a dangerous weapon, and one count of simple assault. The filing of the Information did not affect Mr. Foster's bail status and he remained free on bail. On September 16, 2013, Mr. Foster entered not guilty pleas at his arraignment in the R.I. Superior Court on the felony and simple assault charges. The court essentially set the same bail that the R.I. District Court had set at his initial appearance in February - $20,000 with surety or ten percent cash.

did not immediately post bail that day and was remanded to the Adult Correctional Institutions.[2]

On September 18, 2013, Mr. Foster effectively posted bail, and was released in both criminal cases then pending.

In mid-January 2014, the Woonsocket Police Department again arrested Mr. Foster and filed new criminal complaints charging him with two counts of delivery of cocaine, one count of possession of cocaine with intent to deliver, and two counts of resisting arrest. At Mr. Foster's initial appearance on January 17, 2014, the R.I. District Court ordered Mr. Foster held without bail on the new drug charges.

On that same day, the State filed a motion[3] alleging that the conduct giving rise to this new charge constituted a violation of the terms and conditions of Mr. Foster's bail in the 2013-Woonsocket assault with a dangerous weapon case. The R.I. Superior Court ordered Mr. Foster held without bail pending a hearing on the State's motion to adjudicate Mr. Foster a bail violator.

On July 18, 2014, the State filed an Information formally charging Mr. Foster with the drugs and resisting charges based on the conduct giving rise to his 2014-Woonsocket arrest. On August 14, the R.I. Superior Court arraigned Mr. Foster on that Information. Mr. Foster entered not guilty pleas and the R.I. Superior Court ordered him held without bail.

In sum, Mr. Foster is currently being held without bail while awaiting trial in two separate state criminal cases: (1) the 2013-Woonsocket matter because he allegedly violated the terms and conditions of the bail the R.I. Superior Court set in September 2013, and (2) the 2014-Woonsocket matter because the State asserts that the drug offenses with which he is charged are non-bailable

---

[2] On September 16, 2013, Mr. Foster entered not guilty pleas at his arraignment in the R.I. Superior Court on the felony and simple assault charges. The court essentially set the same bail that the R.I. District Court had set at his initial appearance in February - $20,000 with surety or ten percent cash.

[3] Pursuant to Rule 46(g) of the R.I. Rules of Criminal Procedure.

offenses. Mr. Foster is represented by counsel in each of his criminal cases. The State asserts that Mr. Foster "has either never asked for or repeatedly asked the Superior Court to continue hearings on the State's motion to a revoke bail in the [2013-Woonsocket matter] and to set bail in the [2014-Woonsocket matter]." (ECF No. 5 at 6). The State claims it is and has been ready, willing, and able to proceed, not only with bail or revocation hearings, but to trial in each of the three cases.

In his Habeas Petition to this Court, Mr. Foster asserts that he "has been held without bail, [and not] afforded a proper bail hearing under Due Process Clause; for a period of 17 months." (ECF No. 1 at ¶ 2). He also asserts that his equal protection rights and his right to fundamental fairness were violated because of an alleged conflict with a state magistrate judge, and ineffective assistance of counsel. (*Id.* at ¶¶ 3-7).

Mr. Foster's Habeas Petition must be dismissed because he has failed to exhaust his available state remedies. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008) (*quoting Josselyn v. Dennehy*, 475 F.3d 1, 2–3 (1st Cir.2007); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). "[W]hether brought under § 2241 or § 2254, a federal habeas petitioner must exhaust his available state court remedies before filing the petition in federal court." *Baynard v. Wall*, 2013 WL 5347445, at * 2 (D.R.I. Sept. 23, 2013).

There is no indication, either in Mr. Foster's Habeas Petition or in the dockets for his pending state court cases, that Mr. Foster ever asked the R.I. Superior Court for either a bail revocation hearing or a bail hearing, or that he raised in state court "equal protection," "fundamental fairness," or "due process" arguments relating to bail or the other claims referenced

in his Habeas Petition. Even if one were to assume that he raised these issues in the R.I. Superior Court, which this Court finds that based on the record before it Mr. Foster did not, there is no indication in the Habeas Petition that Mr. Foster sought appellate review of any adverse decision relating thereto.[4]

The State's Motion to Dismiss (ECF No. 5) is GRANTED because of Mr. Foster's failure to exhaust his available state court remedies.[5]

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

August 11, 2015

---

[4] The exhaustion requirement is relaxed only when a petitioner can show "extraordinary circumstances" that warrant immediate federal intervention. *See Benson v. Super. Ct. Dep't of Trial Ct.*, 663 F.2d 355, 359 (1st Cir. 1981); *cf. Younger v. Harris*, 401 U.S. 37 (1971). There are no extraordinary circumstances alleged here.

[5] There are numerous other grounds asserted by the State to dismiss Mr. Foster's Habeas Petition, many of which appear to be valid, but there is no need for the Court to reach them at this time due to its decision on exhaustion.